Daniel G. Shay
Law Office of Daniel G. Shay
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
(619) 222-7429
danielshay@tcpafdcpa.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
(512) 803-1578
aradbil@gdrlawfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Renee Walker, *on behalf of herself and others similarly situated*, | Case No. **'20 CV2218 BEN JLB** |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| CMRE Financial Services, Inc., | |
| Defendant. | |

1

## Nature of this Action

1. Renee Walker ("Plaintiff") brings this class action against CMRE Financial Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, and an artificial or prerecorded voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed calls, and artificial or prerecorded voice calls, to wrong or reassigned cellular telephone numbers.

3. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this district, and as a substantial portion of the events giving rise to this action occurred in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Jacksonville, Florida.

7. Defendant is an entity located in Brea, California.

8. At all relevant times Defendant was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

11. Plaintiff is, and at all relevant times was, the regular and sole user of her cellular telephone number—(904) 405-XXXX.

12. Approximately one year ago Defendant began placing calls to Plaintiff's cellular telephone number intending to reach someone other than her.

13. At least one artificial or prerecorded voice message Defendant delivered to Plaintiff's cellular telephone number states:

> Hello, this is an important message for Michelle Hampton regarding a personal business matter. This is CMRE Financial Services. If you are Michelle Hampton please continue to listen to this message. If you are not, please discontinue listening to this message or disconnect now. By continuing to listen to this message you verify that you are Michelle Hampton. We're calling on behalf of [inaudible]. Please contact us at your earliest convenience at (888) 760-1382, and reference account number 55401645. You may also visit us 24 hours a day at wwwcmrefsi.com. Once again that's wwwcmrefsi.com. We appreciate your time regarding this matter. This is a communication from a debt collector, and an attempt to collect a debt. Any information obtained will be used for that purpose.

14. On or about November 2, 2020, and in response to Defendant's calls to her cellular telephone number, Plaintiff placed a return call to Defendant and informed it that it was placing calls to her cellular telephone number in error, that she was not the intended recipient of Defendant's calls, and that Defendant should stop placing calls to her cellular telephone number.

15. Defendant acknowledged during that call that it had been placing calls to Plaintiff's cellular telephone number for approximately one year, intending to reach Michelle Hampton.

16. Plaintiff does not know, and has no relationship with, Michelle Hampton.

17. Plaintiff is not alone in receiving "wrong number" calls from Defendant to her cellular telephone number:

- "Call from CMRE Financial Services asking for a person who may have had this number several years ago, but no longer. Recorded message left on voice mail requesting a hang-up is not the person requested and then stating that by not hanging up it was an acknowledgment that it was the person being called for. They sometimes call in quick succession so that it forces the second call to go to the phone services voice mail while the first is still ringing. Message left is a mixture of one canned message overlaid with computer generated readings of the names of the requested person and the company they supposedly owe. Hanging up to indicate they have the wrong number does not work, as they will call again and again."[1]

- "Wrong number!!!! Please stop calling"[2]

- "robo caller unsure if legit. wrong person their asking for."[3]

- "Calls every week sometimes several times a week with a recorded message for (another person's name) to call that 800 number and X471 with a reference # and then states that if you are not that person, please disregard the call. I wish there was a way to get them to stop calling. They have the wrong number!!!"[4]

---

[1] https://800notes.com/Phone.aspx/1-866-283-3786 (last visited November 9, 2020).

[2] https://www.everycaller.com/phone-number/1-888-760-1382/ (regarding CMRE Financial Services, Inc.) (last visited November 9, 2020).

[3] *Id.* (regarding CMRE Financial Services, Inc.) (last visited November 9, 2020).

[4] https://www.numberguru.com/phone/800/783/9118/ (regarding CMRE Financial Services, Inc.) (last visited November 9, 2020).

- "They are a debt collector for a hospital, but calling for someone else. I've told them they have the wrong number... They keep calling."[5]

- "This is a debt collector that uses automated/robot dialing. You can never speak with anyone to tell them to stop harrassing you even though its the wrong number.

    *Caller: CMRE Financial Services*
    *Call type: Debt collector*"[6]

18. Plaintiff is not, nor was, one of Defendant's customers or accountholders.

19. Plaintiff does not, nor did, owe a debt to Defendant or one of Defendant's customers.

20. Plaintiff does not, nor did, have any business relationship with Defendant.

21. Plaintiff did not provide her cellular telephone number to Defendant.

22. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system, or an artificial or prerecorded voice.

23. In light of the nature and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

24. In light of the nature and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the

---

[5] https://www.numberguru.com/phone/800/404/6627/ (regarding CMRE Financial Services, Inc.) (last visited November 9, 2020).

[6] https://whocallsme.com/Phone-Number.aspx/4158449328 (last visited November 9, 2020).

capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018); *accord Allan v. Pennsylvania Higher Educ. Assistance Agency*, 968 F.3d 567 (6th Cir. 2020); *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020).

25. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

26. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

27. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

28. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

29. Plaintiff suffered actual harm as a result of Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

30. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

### Class Action Allegations

31. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *Automatic Telephone Dialing System TCPA Class*: All persons throughout the United States (1) to whom CMRE Financial Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of the call, (3)

by using the telephone dialing system CMRE Financial Services, Inc. used to place, or caused to be placed, calls to Renee Walker, (4) from four years preceding the date of this class action complaint through the date of class certification.

*Prerecorded or Artificial Voice TCPA Class*: All persons throughout the United States (1) to whom CMRE Financial Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of the call, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.

*FDCPA Class*: All persons throughout the United States (1) to whom CMRE Financial Services, Inc. placed, or caused to be placed, at least one call, (2) from one year preceding the date of this class action complaint through the date of class certification, (3) in connection with the collection of a consumer debt, (4) where CMRE Financial Services, Inc. was aware that the telephone number to which it placed the call was not assigned to the intended recipient of the call, or where CMRE Financial Services, Inc. failed to verify that the cellular telephone number to which it placed the call was assigned to the intended recipient of the call.

32. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

33. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

34. The exact numbers of the members of the classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

35. The classes are ascertainable because the classes are defined by reference to objective criteria.

36. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be

identified in business records maintained by Defendant and by third parties.

37. Plaintiff's claims are typical of the claims of the members of the classes.

38. As it did for all members of the Automatic Telephone Dialing System TCPA Class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number.

39. As it did for all members of the Prerecorded or Artificial Voice TCPA Class, Defendant used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

40. As it did for all members of the FDCPA Class, Defendant placed a call to Plaintiff's cellular telephone after it was aware, or should have been aware, that Plaintiff's cellular telephone number did not belong to the intended recipient of the call.

41. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

42. Plaintiff's claims are based on the same theories as the claims of the members of the classes.

43. Plaintiff suffered the same injuries as the members of the classes.

44. Plaintiff will fairly and adequately protect the interests of the members of the classes.

45. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

46. Plaintiff will vigorously pursue the claims of the members of the classes.

47. Plaintiff has retained counsel experienced and competent in class action litigation.

48. Plaintiff's counsel will vigorously pursue this matter.

49. Plaintiff's counsel will assert, protect, and otherwise represent the

members of the classes.

50. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

51. Issues of law and fact common to all members of the classes are:
   a. Defendant's violations of the TCPA;
   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;
   c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;
   d. Defendant's use of an automatic telephone dialing system as defined by the TCPA;
   e. Defendant's use of an artificial or prerecorded voice, and
   f. The availability of statutory penalties.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

53. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

54. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

55. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

56. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal

theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

57. The damages suffered by individual members of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

58. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

59. There will be little difficulty in the management of this action as a class action.

60. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-60.

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Automatic Telephone Dialing System TCPA Class without consent.

63. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Prerecorded or Artificial Voice TCPA Class without consent.

64. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the TCPA classes, are entitled to damages in an amount to be proven at trial.

///

## Count II
## Violation of 15 U.S.C. § 1692d

65. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-60.

66. By placing calls to Plaintiff's cellular telephone number, in connection with the collection of a consumer debt, where Defendant knew, or should have known, that Plaintiff's cellular telephone number did not belong to the intended recipient of Defendant's calls, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with Defendant's collection of a consumer debt.

67. Accordingly, Defendant violated 15 U.S.C. § 1692d.

68. As a result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiff, and the members of the FDCPA class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel to the classes under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the classes by using an automatic telephone dialing system, or an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the TCPA classes damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the TCPA classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the FDCPA class damages under 15 U.S.C. § 1692k(a)(1)(2);

i) Awarding Plaintiff and the TCPA classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

j) Awarding Plaintiff and the FDCPA class reasonable attorneys' fees, costs, and expenses under 15 U.S.C. § 1692k(a)(1)(3);

k) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

l) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 13, 2020

s/ *Daniel G. Shay*
Daniel G. Shay
Law Office of Daniel G. Shay
danielshay@tcpafdcpa.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes